LAWRENCE ROBERT GIOIA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gioia v. Commissioner
Docket No. 16131-84.
United States Tax Court
T.C. Memo 1987-498; 1987 Tax Ct. Memo LEXIS 494; 54 T.C.M. (CCH) 745; T.C.M. (RIA) 87498; September 28, 1987; As amended September 29, 1987 Lawrence Robert Gioia, pro se. Kenneth A. Hochman, for *495 the respondent. JACOBS
MEMORANDUM FINDINGS OF FACT AND OPINION JACOBS, Judge: Respondent determined a deficiency in petitioner's 1982 Federal income tax in the amount of $ 2,854. After a concession by petitioner, the sole issue to be decided is whether respondent properly disallowed a deduction of $ 8,800 for claimed employee business expenses. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. At the time of the filing of the petition herein, [1] petitioner Lawrence Robert Gioia resided in Torrington, Connecticut. Petitioner is a steamfitter and has had to constantly travel to find work. At no time during 1982 did he work in the vicinity of Torrington, Connecticut, although he had held a job there in prior years. Between November 26, 1981 and February 7, 1982, petitioner was employed by Crouse Nuclear Energy *496 Services, Inc. ("Crouse") at the Millstone Nuclear Power Station ("Millstone station"), Unit No. 2, in Waterford, Connecticut. The distance between petitioner's home in Torrington, Connecticut and the Millstone station in Waterford, Connecticut was approximately 80 miles. He worked at the Millstone station until he was laid off due to a reduction in the workforce. No evidence was presented regarding the expected duration of petitioner's employment by Crouse. Thereafter, petitioner worked one week, between February 12 and February 19, 1982, for Romaniello Brothers, Inc. ("Romaniello Brothers") in Ansonia, Connecticut. He then was unemployed and received unemployment compensation from the Connecticut Department of Labor during February, March, and April of 1982. Between April 13 and April 16, 1982, petitioner was employed by Carl Eggert Company ("Eggert") at a construction worksite in Naugatuck, Connecticut. Following that employment, on April 26, 1982, petitioner worked for Stone and Webster at the Millstone station, Unit No. 3, in Waterford, Connecticut. He worked there until September 19, 1984 when his employment was terminated due to an injury sustained on the job. Petitioner's *497 employment at the Millstone station was for an indeterminable period of time. When he began employment there it was not known when it would be terminated, but he believed it would be prior to September, 1984, and possibly in the spring of 1983. Petitioner's belief that his employment would be terminated in the spring of 1983 was derived from newspaper articles and from comments by his night supervisor, to the effect that Stone and Webster was having financial problems, that its employees were being laid off, and that the project could be shut down at any time. Construction of the Millstone station commenced on June 5, 1974; as of the date of trial the plant had not yet been completed. In his 1982 Federal income tax return, petitioner claimed, as employee business expenses, a deduction of $ 15 per day for meals and $ 25 per day for lodging for 35 days while he worked for R and for 185 days while he worked for Stone and Webster; the amount of these claimed deductions totals $ 8,800. [2]
*498 Respondent disallowed petitioner's claimed deduction for employee business expenses on the grounds that such expenses were neither incurred while petitioner was away from home nor in pursuit if a trade or business. [3] The disallowance of the deduction was also based on petitioner's failure to substantiate the claimed expenses. Petitioner, on the other hand, claims that such expenses were incurred while he was away from home in pursuit of his trade or business. OPINION The issue to be determined is whether petitioner is entitled to a deduction for claimed employee business expenses pursuant to section 162(a)(2) [4] for expenses incurred for meals, lodging and mileage. Petitioner bears the burden of proving the expenses were incurred and that such amounts satisfy the requirements of section 162(a). ; Rule 142(a).
*499 Section 162(a)(2) allows a taxpayer to deduct his "ordinary and necessary" expenses for travel, including amounts expended for meals and lodging "while away from home in the pursuit of a trade or business." However, personal, living or family expenses are not deductible. Section 262. The purpose of the deduction is to mitigate the burden upon the taxpayer who, because of the exigencies of his trade or business, must maintain two places of abode and thereby incur additional living expenses. ; . To qualify under section 162(a)(2), the claimed expenses must meet three prerequisites: the expenses must be (1) reasonable and necessary; (2) incurred while away from home; and (3) incurred in the pursuit of a trade or business. Section 162(a)(2); . Respondent concedes that the expenses incurred by petitioner were reasonable and necessary, if adequately substantiated; respondent contends, however, that neither the second nor third prerequisites were met. Thus, we must first determine whether petitioner *500 was "away from home" at the time he incurred the expenses for which he seeks a deduction. It is well established that the taxpayer's home for purposes of section 162(a)(2) is the vicinity of the taxpayer's principal place of employment, and not where his personal residence is located, if such residence is located in a different place from his principal place of employment. ; , affd. ; ; . An exception to this general rule is provided in , affd. per curiam . In Peurifoy, we held that if a taxpayer can prove that his employment is temporary, his personal residence will be considered to be his tax home. When a taxpayer with a well-established tax home accepts temporary employment away from home, his living expenses may be deductible because it would not be reasonable for him to move his home *501 simply to be nearer to short-term employment. ;; . On the other hand, if the employment is indefinite, rather than temporary, the expenses are not deductible. ;. No single element is determinative of the ultimate factual issue of temporariness; there are no rules of thumb, durational or otherwise, to distinguish temporary from indefinite employment. . However, several criteria are considered important in determining whether employment is indefinite as opposed to temporary. . These criteria are: (1) the expected duration of the employment, (2) the size of the project, (3) the available supply of labor, and (4) the actual duration of employment. Petitioner presented little evidence regarding the expected duration of his employment in 1982. No evidence *502 was presented regarding the expected duration of employment with Romaniello Brothers, Crouse or Eggert. Petitioner stated that he expected his employment with Stone and Webster to terminate, possibly in the spring of 1983. However, when petitioner was hired by Stone and Webster in April, 1982, he was not hired for a fixed term, and he did not know when his job would terminate. The fact that petitioner had no assurance as to how long his job would last is not determinative as to the temporariness of his employment. . Evn if it is known that a particular job may or will terminate at some future date, that job is not temporary if it is expected to last a substantial or indefinite period of time. ; Employment is considered to be indefinite, rather than temporary, unless termination within a short period can be foreseen. . In Albert, we held the taxpayer's job to be indefinite, despite the fact that the taxpayer was warned that she might be transferred upon *503 short notice and she was advised not to enter into leases or other commitments which would inconvenience her transfer from one station to another. With respect to petitioner's employment with Stone and Webster, the only evidence presented regarding the expected duration of his employment was petitioner's testimony, which was supported by vague references to newspaper articles and comments by his night supervisor, that Stone and Webster was experiencing financial problems, lay offs, and a potential project shutdown. Thus, the expected duration of petitioner's employment with all of his employers during the year in issue appears to have been indefinite rather than temporary. The next factor relevant to the determination of whether petitioner's employment was temporary rather than indefinite is the size of the project on which petitioner was employed. See Petitioner presented no evidence with respect to the size of the projects on which he was employed by Crouse, Romaniello Brothers, and Eggert. However, the Millstone station project was of substantial duration. When petitioner began working at Millstone station Unit No. 3 on *504 April 26, 1982, construction had been going on for nearly eight years, and was scheduled to continue for at least another four years. Thus, absent evidence to the contrary, the third factor set forth in McCallister, size of project, indicates that, overall, petitioner was engaged in indefinite employment during 1982. Petitioner presented no evidence regarding the available supply of labor, the third factor set forth in McCallister.
Finally, the actual duration of petitioner's employment, indicates that, on the whole, petitioner's employment was indefinite rather than temporary. While petitioner's employment at the jobsites of Eggert and Romaniello Brothers was admittedly of short duration, petitioner's employment at Millstone, both for Crouse and for Stone and Webster, was of substantial duration. During 1982, petitioner was employed for nearly 9-1/2 months, or over 96 percent of the total time he was employed, at Units 2 and 3 of the Millstone station. Moreover, the total actual continuous duration of petitioner's employment for Stone and Webster was over two years and four months. In , we held that where a taxpayer's employment *505 extended over a continuous period of more than two years before termination due to injury such employment was indefinite in nature. The actual duration of petitioner's employment in 1982 indicates that petitioner's employment was indefinite and not temporary. Petitioner has not proven that his employment partook of the requisite degree of temporariness to meet the second prerequisite to deductibility set forth in section 162(a)(2). See As petitioner is unable to prove that his employment with his various employers during 1982 was temporary, thereby entitling him to designate his residence as his tax home, he is unable to demonstrate that his expenses were incurred while away from home. Even if petitioner proved that his expenses were incurred while he was away from home, under this record his expenses would not be deductible because such expenses were not "incurred in the pursuit of a trade or business," -- the third prerequisite for deductibility. For an expense to be considered "incurred in the pursuit of a trade or business," there must be a direct connection between the expenditure and the conduct of the trade or business of *506 the taxpayer or of his employer. . Such an expenditure must be necessary and appropriate to the development and pursuit of the trade or business. . Thus, when an employee incurs duplicate living expenses, we must determine whether the duplication resulted from the needs of his employer's business or from the employee's personal desire to maintain a residence in one area while working in another. , affd. . Petitioner has failed to show that he incurred the transportation expenses or the expenses for meals and lodging by reason of business exigencies. The record does not indicate why petitioner chose to live in Torrington. His decision clearly was not based upon business or employment concerns, as petitioner noted that the unemployment rate in Torrington was approximately 16 percent. As we were given no evidence to the contrary, we must conclude that petitioner had only personal reasons for maintaining his residence in Torrington; thus, neither the additional transportation *507 expenses nor the living expenses he incurred in the pursuit of the business of petitioner's employers. These expenses therefore are nondeductible personal expenses. Sec. 262; ; , affd. in part, revd. in part ; . We also note thaat even if petitioner had met the requirements for deductibility set out in section 162(a)(2), he failed to meet the substantiation requirements imposed by section 274(d) on employee business expenses. [5] Petitioner presented no evidence delineating the number of days he traveled to his various jobsites. Nor did he present evidence, other than his unsubstantiated statement, of the number of nights he stayed at motels or of the number of meals he consumed while at the various jobsites. In sum, petitioner failed to produce clear proof of his expenditures for travel. *508 Based on the above, we find that petitioner's employment during 1982 was indefinite, rather than temporary, and that the expenses were not incurred in the pursuit of a trade or business. The expenses claimed by petitioner are therefore nondeductible personal expenditures. To reflect the foregoing, and petitioner's concession, Decision will be entered for respondent.
Footnotes
1. Petitioner filed a joint return with his wife, Norma A. Gioia, for the year in issue. Petitioner's wife did not join her husband in petitioning the Court for a redetermination of the tax as set forth in the notice of deficiency. ↩
2. At trial petitioner claimed that his employee business deduction was based upon mileage and meals. However, petitioner made no claim whatsoever for mileage or other automobile related expenses on his tax return. In addition, petitioner claimed at trial that he is entitled to a deduction of $ 11 per day for meals, rather than the $ 15 per day that he claimed on his return. ↩
3. These arguments were first raised by respondent at trial. Petitioner did not object to such arguments, and both petitioner and respondent addressed these arguments in their briefs. ↩
4. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue; all Rule references are to the Tax Court Rules of Practice and Procedure. ↩
5. Section 274(d) provides: No deduction shall be allowed -- (1) under section 162 or 212 for any traveling expense (including meals and lodging while away from home), * * * unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of the travel * * *, [and] (C) the business purpose of the expense or other item * * * ↩